UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS LLC,<br><br>        Plaintiff,<br><br>v.<br><br>GREEN PATIO LLC, aka Bombshells Bar and Eats, AND<br><br>RAWNAG HABEEB SHABA, Individually, jointly and severally,<br>        Defendants. | |

## **COMPLAINT FOR DAMAGES**

COMES NOW the Plaintiff, G & G Closed Circuit Events LLC, ("Plaintiff"), by and through its attorneys, HD ATTORNEYS PLLC, and for its Complaint states the following:

### Jurisdiction

1. Jurisdiction is founded on the existence of a question arising under federal law. This action is brought pursuant to federal statutes, including the Communications Act of 1934, as amended, 47 U.S.C. § 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553, *et seq*.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, which states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3. This Court has supplemental jurisdiction over the state law claims made herein pursuant to 28 U.S.C. § 1367(a).

4. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts that violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program set forth below. Defendants' wrongful acts consisted of the interception and tortious conversion of property of Plaintiff within the Plaintiff's control in the State of Michigan.

## Venue

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because a defendant resides in this judicial district and all defendants reside in the State of Michigan.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

Parties

7.      Plaintiff, G & G Closed Circuit Events LLC is, and at all relevant times was, a California corporation with its principal place of business located at 2380 S. Bascom Avenue Ste. 200 Campbell, CA 95008.

8.      Plaintiff is informed and believes, and alleges thereon that Defendant, Green Patio LLC is a Michigan Corporation, doing business at all relevant times mentioned under the names of "Bombshells Bar and Eats", having its principal place of business at 24200 Dequindre Road Warren, Michigan 48091.

9.      Plaintiff is informed, believes, and alleges that Defendant, Green Patio LLC and Rawnag Habeeb Shaba are the principles, subsidiaries, alter egos, officers, directors, shareholders, employees, agents, and/or other representatives of "Bombshells Bar and Eats," business entit(ies) of an unknown nature.

10.     Plaintiff is informed, believes, and alleges thereon that at all times on February 5, 2021, Defendant Rawnag Habeeb Shaba was the owner, and/or officer, shareholder, and/or operator, and/or licensee, and/or permitee, and/or person-in-charge, and/or an individual with dominion, control, oversight and management of the commercial establishment "Bombshells Bar and Eats", operated by Green Patio LLC at 24200 Dequindre Rd., Warren, MI 48091, and was either aware of the unauthorized display of the program, fully described below, and tacitly or explicitly approved same or was physically present at the time the program was displayed, and

in either event had actual or constructive knowledge of the display of the program in the commercial establishment on February 5, 2021.

11. Plaintiff is informed, believes, and alleges that Green Patio LLC no longer operates Bombshells Bar and Eats, and exists only on paper.

12. Plaintiff is informed, believes, and alleges that after Plaintiff communicated its intention to sue the defendants to recover its damages in this court in a writing dated 06/22/2022, defendants then closed the business.

## Count I – Violation of 47 U.S.C. § 605

13. Plaintiff G & G Closed Circuit Events LLC hereby incorporates by reference all of the allegations contained in each preceding paragraph, inclusive, as though set forth at length.

14. Pursuant to contract, Plaintiff G & G Closed Circuit Events LLC, paid for and was thereafter granted the exclusive nationwide television distribution (closed-circuit) rights to the Castro vs. Nery Fight Program on February 5, 2021, (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

15. Pursuant to contract, Plaintiff G & G Closed Circuit Events LLC, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Michigan, by which it granted these entities limited sublicensing rights specifically the rights to publicly

exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.) on a pay-per-view basis.

16. As a commercial distributor and licensor of sporting events, including the Program, Plaintiff G & G Closed Circuit Events LLC, expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities, and each defendant failed to pay the fee to exhibit the program in their commercial establishment.

17. With full knowledge that the Program was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every of the above named Defendants and/or their agents while in the course of their employment or while otherwise acting under the authority of the Defendants, servants, workmen or employees did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time of its transmission at their commercial establishment at 24200 Dequindre Rd., Warren, Michigan 48091.

18. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully

and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

19. 47 U.S.C. § 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the Program for which Plaintiff G & G Closed Circuit Events LLC had the distribution rights thereto).

20. By reason of the aforesaid mentioned conduct, each Defendant violated 47 U.S.C. § 605, *et seq.*

21. By reason of the Defendants' violation of 47 U.S.C. § 605, *et seq.*, Plaintiff G & G Closed Circuit Events LLC, has the private right of action pursuant to 47 U.S.C. § 605(e)(3)(A).

22. As the result of the aforementioned Defendants' violation of 47 U.S.C. § 605, and pursuant to Section 605, Plaintiff G &G Closed Circuit Events LLC, is entitled to recover the following from each Defendant:

(a) Statutory damages for each violation in an amount to $10,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); and also

(b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and also

(c) the recovery of full costs, including reasonable attorneys' fees, pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

## Count II – Violation of 47 U.S.C. § 553

23. Plaintiff G & G Closed Circuit Events LLC, hereby incorporates by reference all of the allegations contained in each preceding paragraph, inclusive, as though set forth herein at length.

24. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the Program by the above named Defendants was prohibited by 47 U.S.C. § 553, *et seq*.

25. By reason of the aforementioned conduct, each defendant violated 47 U.S.C. § 553, *et seq*.

26. By reason of the Defendants' violation of 47 U.S.C. § 553, *et seq*., Plaintiff G & G Closed Circuit Events LLC, has the private right of action pursuant to 47 U.S.C. § 553(c)(1).

27. As the result of the aforementioned Defendants' violation of 47 U.S.C. § 553, Plaintiff G & G Closed Circuit Events LLC, is entitled to the following from each Defendant:

    (a)    Statutory damages for each violation in amount to $10,000 pursuant to Title 47 U.S.C. Section 553(c)(3)(A)(ii); and also

    (b)    Statutory damages for each willful violation in an amount to $50,000 pursuant to 47 U.S.C. § 553(c)(3)(B); and also

(c) The recovery of full costs pursuant to 47 U.S.C. § 553(c)(2)(C); and also

(d) In the Court's discretion, reasonable attorneys' fees, pursuant to 47 U.S.C. § 553(c)(2)(C).

## Count III – Conversion MCL 600.2919a

28. Plaintiff G & G Closed Circuit Events LLC, hereby incorporates by reference all of the allegations contained in each preceding paragraph, inclusive, as though set forth herein at length.

29. By the aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the Program at their commercial establishment at the above-mentioned address, each Defendant obtained possession of the Program and wrongfully exercised dominion over display of the program, converting same for their own use and pecuniary benefit without paying the applicable fee to do so.

30. The aforesaid acts of the Defendants were willful, malicious, egregious, and intentionally designed to harm Plaintiff G & G Closed Circuit Events LLC, by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully entitled to receive from them, and in doing so, the Defendants subjected the Plaintiff to economic distress and financial loss.

31. Each Defendant converted the program to his/its own use.

32. Accordingly, Plaintiff G & G Closed Circuit Events LLC is entitled to recover damages from the Defendants, cumulatively trebled, and exclusive of Plaintiff's other remedies at law.

### Count IV – LLC Veil Piercing

33. Plaintiff G & G Closed Circuit Events LLC, hereby incorporates by reference all of the allegations contained in each preceding paragraph, inclusive, as though set forth herein at length.

34. GREEN PATIO LLC is a mere instrumentality of Rawang Habeeb Shaba.

35. To the best of Plaintiff's knowledge, Rawang Habeeb Shaba is the sole member of GREEN PATIO LLC.

36. There is no evidence that there is anyone else acting on behalf of GREEN PATIO LLC except Rawang Habeeb Shaba.

37. GREEN PATIO LLC was used to commit a wrong.

38. There was an unjust injury or loss to the Plaintiff because of Rawang Habeeb Shaba's use of GREEN PATIO LLC, is causing Plaintiff to expend attorney fees and costs protecting its license interest and pursuing GREEN PATIO LLC and because GREEN PATIO LLC and RAWANG HABEEB SHABA intentionally pirated Plaintiff's program.

39. Upon information, GREEN PATIO LLC exists only on paper.

40. GREEN PATIO LLC is an alter ego of Rawang Habeeb Shaba.

41. GREEN PATIO LLC was used to casually pirate Plaintiff's program, causing it harm, and then hiding behind the LLC veil.

### Count V – Avoidance of Transfer under the Michigan Uniform Avoidable Transactions Act

42. Plaintiff G & G Closed Circuit Events LLC, hereby incorporates by reference all of the allegations contained in each preceding paragraph, inclusive, as though set forth herein at length.

43. Plaintiff G & G Closed Circuit Events LLC has a private right of action to avoid transfers made by the Defendants that would otherwise satisfy its claim(s). MCL 566.37(1).

44. Plaintiff asserts that part-in-parcel of closing a business is selling, transferring, liquidating, paying, assigning, or otherwise disposing of property of the business, or "winding down."

45. Defendants closed their business after receiving notice of Plaintiff's intention to bring this lawsuit.

46. Defendants transferred money or property of GREEN PATIO LLC, or incurred obligations to others, (a) with actual intent to hinder, delay, or defraud creditors, and/or (b) without receiving a reasonably equivalent value in exchange for the transfer or obligation.

47. Plaintiff seeks recovery of these transfers in order to satisfy its claim(s) for damages herein.

### Requests for Relief

#### Count I

1. For statutory damages in the amount of $110,000.00 against the Defendants, and each of them; and

2. For reasonable attorneys' fees as mandated by statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper.

#### Count II

1. For statutory damages in the amount of $60,000.00 against the Defendants, and each of them, and;

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and

4. For such other and further relief as this Honorable Court may deem just and proper.

### Count III

1. For damages suffered by the Plaintiff, cumulatively trebled;

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fee, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper, or justified by the facts and circumstances of this case.

### Count IV

1. To "pierce the LLC veil" of GREEN PATIO LLC, and hold Defendant Rawnag Habeeb Shaba personally liable for damages, jointly and severally.

2. For such other and further relief as this Honorable Court may deem just and proper, or justified by the facts and circumstances of this case.

### Count V

1. For a judgment avoiding the transfer of property of Defendants made in violation of the Michigan Uniform Voidable Transactions Act.

2. For such other and further relief as this Honorable Court may deem just and proper, or justified by the facts and circumstances of this case.

|  | RESPECTFULLY SUBMITTED |
|---|---|
| Dated: January 5, 2023 | /s/ Clinton J. Hubbell<br>HD ATTORNEYS, PLLC<br>26211 Central Park Blvd., Ste. 514<br>Southfield, MI 48076-4161<br>Phone: (248) 595-8617<br>Email: clint@hubbellduvall.com<br>P72321 |